IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HUSSEIN MIRJAN : CIVIL ACTION
:
v. :
:
ERIC HOLDER, et al. : NO. 10-CV-4641

**MEMORANDUM AND ORDER**

Ditter, J.                                                                  December 22, 2010

     Plaintiff, Hussein Mirjan, seeks judicial review under the Administrative Procedures Act ("APA") of the United States Citizenship and Immigration Services' ("CIS") denial of his applications to adjust his immigration status based on a finding that his marriage to an American citizen was not bona fide. The defendants have filed a motion to dismiss or, alternatively for summary judgment and Mirjan has filed a response. For the reasons that follow, I shall grant the defendants' motion to dismiss.

     1. Procedural history

     On June 26, 2005, Mirjan, a citizen of Iraq, married Bridget Marie Bossler, a citizen of the United States. Mirjan was in the United States under a valid H1B Visa. In December, 2005, the couple filed petitions to adjust Mirjan's status to that of a lawful permanent resident.[1] They were interviewed by a CIS representative on June 29, 2006.

     The petitions remained pending through July 2008, prompting the Mirjans to file a mandamus action in this court. Unfortunately, Ms. Bossler-Mirjan died on August 31, 2009. As a result, Mirjan's I-130 (petition for alien relative) was automatically converted to an I-360 (petition for amerasian, widow(er), or special immigrant). After a second interview of Mirjan was conducted on October 22, 2009, CIS issued a notice of intent to deny his petition. Mirjan's

---

[1] As a citizen seeking permanent residency for her alien spouse, Bossler filed an I-130 petition for alien relative and her spouse, Mirjan, filed an I-485 application for adjustment of status on his own behalf.

reply did not persuade CIS to change its determination and his petition was denied on December 16, 2009. As a result, the mandamus action before me was denied as moot. Mirjan's appeal to the Board of Immigration Appeals was denied on August 13, 2010, and this action followed.

2. Standard of review

A complaint that fails to assert a plausible claim for relief will not survive a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). The plaintiff must make sufficient factual allegations to raise the right to relief beyond speculation. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The APA sets forth the standard for judicial review of agency decisions. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review" of "the record as a whole or those parts of it cited by a party." 5 U.S.C. § 702. The scope of review is limited: an agency decision shall be set aside if its actions are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).[2]

> A review under the arbitrary and capricious standard is narrow, and a court should not substitute its own judgment. An agency's ruling is arbitrary and capricious if it is contrary to factors Congress intended to be considered, it failed to consider an aspect before it, the decision runs counter to the evidence, or the decision is implausible. Additionally, a reviewing court must look at the reasons articulated by the agency itself at the time of the decision rather than post-hoc rationalizations.

*Iredia v. Fitzgerald*, 2010 U.S. Dist. LEXIS 76215, *11 (E.D. Pa. 2010) (citing *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983)).

In immigration proceedings based on marriage, it is the burden of the applicant to

---

[2] The abuse of discretion standard of review and the arbitrary and capricious standard of review are the same. *Donovan v. Adams Steel Erection, Inc.*, 766 F.2d 804, 807 (3d Cir. 1985).

establish eligibility and that the marriage was not "entered into for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c); *Iredia*, 2010 U.S. Dist. LEXIS 76215, *11. Agency determinations are entitled to deference, and courts do not re-weigh the evidence merely because plaintiff disputes the agency findings. *Id*. at *12. An agency decision is arbitrary and capricious if the evidence compels a different decision. *Id*. (citing *Ghaly v. INS*, 48 f.3d 1426, 1430 (7th Cir. 1995)).

Thus, if the plaintiff fails to establish that the agency decision was arbitrary and capricious, he has failed to state a claim upon which relief can be granted and his complaint must be dismissed.

3. Discussion

To support his claim of a bona fide marriage, Mirjan produced a number of documents including: his marriage certificate; Ms. Bossler's birth and death certificates; copies of bank statements; a copy of a lease from May 1, 2005, through April 30, 2006; joint life, heath and automobile insurance policies; joint tax returns from 2005 through 2008; joint credit card account statements; affidavits of individuals attesting to his marriage; and other bills and photographs. Mirjan and Bossler were interviewed in connection with their immigration petitions on June 29, 2006. After the death of Bossler, Mirjan was interviewed a second time on October 22, 2009.

CIS notified Mirjan of the agency's intent to deny his petition on December 26, 2009. In this notification, CIS questioned the veracity of the evidence produced concerning the couples' cohabitation citing numerous discrepancies. For example, evidence established that Bossler moved home to live with her father in Blandon, Pennsylvania, and that she lived there until her

death.³ Mirjan provided bills to demonstrate that Bossler was residing with him at that time in his Fleetwood, Pennsylvania, apartment but her name was not on the lease and the lease prohibited anyone not on the lease from living in the apartment. Moreover, the landlord stated he he believed Mirjan lived alone, never saw another person with Mirjan in the apartment, and he was not aware Mirjan was married.

CIS noted Mirjan's lack of awareness of Bossler's criminal and arrest history. During his second interview, Mirjan explained that Bossler had been arrested for driving under the influence following a motor vehicle accident in September, 2008. He did not disclose any knowledge of her arrest in April 2009 for two felonies – theft by deception and receiving stolen property. CIS found this lack of knowledge was inconsistent with Mirjan's statement that the couple enjoyed a "perfect marriage." *See Govt. Exh. 2, Notice of Intent to Deny*, 6.

CIS also found it significant that his 15 coworkers did not know Mirjan was married in 2005, or that his wife had passed away. Mirjan never amended company personnel records to reflect his marriage and he never included Bossler as a beneficiary of any of his benefits despite have the opportunity to do so every year.⁴ His employment records indicate he asked for vacation leave at the time of Bossler's funeral. CIS interpreted these acts as an effort to conceal his marital status - at least at his workplace.

Additional issues that arose during the investigation included Bossler's friends revealing that she was a lesbian. This information was corroborated by Bossler's statements to the police

---

³ This fact is confirmed by Bossler's father and is consistent with information she provided authorities during the course of criminal proceedings she was involved in following her arrest in April 2009. Her obituary indicated that she lived with her father.

⁴ Although, as discussed, he did maintain private life, health and automobile insurance policies on Bossler.

in connection with the felony theft charges. The funeral home director stated that Mirjan's only involvement in her funeral arrangements was payment for the services from the proceeds of a joint life insurance policy. Although he was listed as Bossler's spouse on her death certificate, Mirjan was not included in her obituary and no condolences from family and friends in her on-line obituary guest book were addressed to him (nor was there any mention of a husband). Bossler's father stated that he did not know of her marriage until after her death. Mirjan was also unaware that Bossler had a drug problem – one that ultimately caused her death. CIS viewed these facts as additional evidence of Mirjan's intent to conceal the couple's marital status.

Documentation submitted by Mirjan in support of the petition was also questioned by CIS and did not convince the agency that Mirjan and Bossler were "building a life together as a married couple." *See Govt. Exh. 2, Notice of Intent to Deny*, 8. For example, the statements of the joint checking and savings accounts did not provide any evidence that Bossler had ever accessed the funds in the accounts. Similarly, credit cards were issued in both names but there was no evidence Bossler ever took possession of the cards or ever used any credit card. Utility bills in her name were found insufficient to establish her residence with Mirjan because they were contradicted by information from her father, a disinterested third party, that she was residing with him at that time and the landlord's statement that he believed Mirjan lived alone.

In response to the notice of intent to deny, Mirjan provided additional affidavits and documentary evidence. On most points, CIS was not persuaded that its prior determinations were in error. It concluded that the affidavits provided information that was either not credible or not relevant, with few exceptions. In fact, additional inconsistencies were raised. However, CIS did credit a copy of a letter from Bossler's late mother that suggests she was aware of the

marriage, even if her father was not, and accepted the statement of Bossler's sister that she knew Bossler and Mirjan were married and believed they lived together.

After considering all of the evidence, CIS concluded that the substantive evidence of this marital relationship was outweighed by the "significant, inexplicable questions raised by testimony, documentary evidence, and an official Service investigation." *Govt. Exh. 4, Notice of Denial*, 17. Thus, CIS concluded that Mirjan did not establish by a preponderance of the evidence that he and Bossler were engaged in a bona fide marital relationship.

    4. <u>Conclusion</u>

While I might have reached a different conclusion on this same evidence, I cannot conclude that the evidence compels a different result, and thus do not find the agency's decision that this was not a bona fide marriage was arbitrary and capricious or an abuse of its discretion. The agency resolved issues of credibility against Mirjan, primarily because of his lack of candor on a variety of issues raised by the agencies' investigation, and reasonably concluded that the evidence he presented was not sufficient to meet his burden to prove the validity of the marriage. The agency's reasoning was fully set forth in its comprehensive decision.

For the reasons discussed, I shall grant the defendants' motion to dismiss the complaint for failure to state a claim. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUSSEIN MIRJAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERIC HOLDER, et al. | : | NO. 10-CV-4641 |

**O R D E R**

AND NOW, this            day of December, 2010, IT IS HEREBY ORDERED that the defendants' motion to dismiss (Doc. # 7) is GRANTED for the reasons set forth in the accompanying memorandum.

BY THE COURT:

_____._____
J. WILLIAM DITTER, JR.